■ HOOPERS RESTAURANT SYSTEM INC., Respondent, v CITY OF NEW ROCHELLE et al., Appellants.—In an action, *inter alia,* to declare invalid a building moratorium ordinance, the defendants appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered April 4, 1989, which denied their motion for a protective order vacating the plaintiff's notices of deposition served upon the defendants Leonard Paduano and Francis X. Judge.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, to set a new timetable for the conducting of depositions.

As the Supreme Court correctly determined and as defense counsel recognized in his motion papers, while inquiry may not be made into the motivation behind the enactment of a particular piece of legislation, disclosure may be had as to the purposes of the legislation *(see, Tilles Inv. Co. v Town of Oyster Bay,* 139 AD2d 575; *Redco v Town of Oyster Bay,* 87 AD2d 647; *Reformed Church v City of Yonkers,* 8 AD2d 639). Moreover, contrary to the defendants' contentions, the plaintiff was entitled to name the public officers it sought to depose in the first instance *(see,* CPLR 3106 [d]), and the mere fact that those public officers may be members of the Council of the City of New Rochelle does not excuse them from appearing at examinations before trial *(see, Tilles Inv. Co. v Town of Oyster Bay, supra; Aronson v City of Mount Vernon,* 116 AD2d 613). Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.